# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00696-CV

---

**D. L. J., Appellant**

**v.**

**M. D. S., Appellee**

---

**FROM THE 33RD DISTRICT COURT OF SAN SABA COUNTY**
**NO. 10,244, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING**

---

### O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

This is an appeal involving the termination of the parental rights of appellant D.L.J. (Father) to his daughter, S.M.E.W. ("Sarah"), who is approximately nine years old.[1] M.D.S. (Stepfather) and C.E.S. (Mother) filed a petition seeking termination of Father's parental rights and adoption of Sarah.[2]  Father's mother, C.J. (Grandmother), who had filed a separate petition seeking conservatorship of Sarah, filed a petition in intervention in Stepfather's suit, seeking possession and access to Sarah and appointment as her sole managing conservator.  The district court later consolidated the two petitions into a single cause.

---

[1]  For the child's privacy, we refer to her using a pseudonym and to her parents and other relatives by their familial relationships to each other.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

[2]  The record reflects that Mother died while the case was pending in the court below.

On July 8, 2024, the district court granted Stepfather's motion for partial summary judgment on his claim seeking to terminate Father's parental rights. Father filed a notice of appeal from that order, which this Court dismissed for want of jurisdiction after concluding that the order was not final and appealable because it did not dispose of the adoption claim or Grandmother's claims. *See Johnson v. Skaggs*, No. 03-24-00498-CV, 2024 WL 4520894, at *1-2 (Tex. App.—Austin Oct. 18, 2024, no pet.) (mem. op.).

The case proceeded to a final hearing, after which the district court signed an order granting Stepfather's petition for adoption. Father, proceeding pro se, filed a notice of appeal from that order. However, the adoption order did not address Grandmother's claims. Accordingly, the Clerk of this Court sent the parties a letter informing them that this Court appears to lack jurisdiction over the appeal because the order does not appear to be a final and appealable judgment disposing of all pending parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Stepfather filed a response arguing that this Court lacks jurisdiction because Grandmother's claims have not been finally adjudicated. He observes that the only orders in the record involving Grandmother's claims are two Rule 11 Agreements made while the suit was pending, granting Grandmother visitation rights to Sarah, and the district court's "Order on Motion for Temporary Orders," which was made on the same date as the adoption order and provided that the Rule 11 Agreements "shall continue in force as Temporary Orders until further order of this Court."

Father filed a response arguing that there is a presumption that the adoption order was final because it followed a final hearing on the merits and because the adoption order contains the following "Mother Hubbard" clause: "It is further ordered that all relief requested

and not specifically granted by the Court above is DENIED." Father also argues that the Order on Motion for Temporary Orders, which extended Grandmother's visitation rights, effectively "merged" into the adoption order and disposed of Grandmother's claims.

"A judicial decree is final when it disposes of all issues and all parties in the record." *In re R.R.K.*, 590 S.W.3d 535, 540 (Tex. 2019). "Because a court order need not be in any particular form, 'whether a judicial decree is a final judgment must be determined from its language and the record in the case.'" *Id.* (quoting *Lehmann*, 39 S.W.3d 191, 205-06). "When an order 'finally disposes of all claims and all parties' in 'clear and unequivocal language,' it is a final order." *Id.* (quoting *In re Elizondo*, 544 S.W.3d 824, 827-28 (Tex. 2018) (per curiam)). "If, however, an order's finality is not 'clear and unequivocal,' then a reviewing court must examine the record to determine whether the trial court intended the order to be final." *Id.*

Courts "generally presume that a judgment following a conventional trial on the merits is final for purposes of appeal." *Id.* at 541. However, "orders following a conventional trial can be ambiguous as to their finality, overcoming the presumption of finality." *Id.* Additionally, "Mother Hubbard clauses are not a conclusive indication of finality," unless they contain language indicating that the order: "(1) is a final order; (2) disposes of all claims and parties; and (3) is appealable." *Id.*

Here, the adoption order is ambiguous as to its finality. Although the order contains a "Mother Hubbard" clause, it does not state that it is final, that it disposes of all claims and parties, or that it is appealable. The order is silent regarding Grandmother's claims. Moreover, the Order on Motion for Temporary Orders addressed only Grandmother's visitation rights as provided in the Rule 11 Agreements. Therefore, to the extent that this order "merged"

3

with the adoption order as Father contends, it did not dispose of Grandmother's claim for conservatorship.

However, the district court signed the adoption order following a final hearing, and thus the district court could have intended its order to be final. Therefore, rather than dismiss the appeal, we believe the appropriate course of action is to abate the appeal and remand the case to the district court to clarify its intent. *See Lehmann*, 39 S.W.3d at 206 ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court."); *see also* Tex. R. App. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."), 44.4(a) (providing that court of appeals must not dismiss appeal if "trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and (2) the trial court can correct its action or failure to act").

Upon remand, the district court may modify its adoption order, issue an amended order, or take any other action necessary to clarify its intent, including holding a hearing on the matter. A supplemental clerk's record containing any modified or amended order, along with a supplemental reporter's record of any hearing, shall be filed with this Court on or before December 22, 2025. This appeal will be reinstated after the supplemental records are filed.

Before Justices Triana, Kelly, and Theofanis

Abated and Remanded

Filed: November 21, 2025

4